UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DESTINY B., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C19-5362-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Child's Disability Benefits (CDB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1996.[1] She has a high school diploma and some coursework in medical office administration, and has worked as a childcare assistant and customer service

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

representative. (AR 48-52, 243, 280.)

Plaintiff applied for SSI and CDB in November 2015. (AR 211-16, 222-25.) Those applications were denied and Plaintiff timely requested a hearing. (AR 122-44.)

On October 10, 2017, ALJ Glenn G. Meyers held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 34-72.) On April 26, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-28.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on February 25, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since February 15, 2014, the alleged onset date. (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's diabetes mellitus, disorder of the gastrointestinal system versus ovarian cysts, depressive disorder, anxiety disorder, right foot and ankle osteopenia, congenital foot anomalies, and osteoarthrosis. (AR 17-19.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 19-20.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing sedentary work with additional limitations: she can perform unskilled, repetitive, routine tasks in two-hour increments. She can have no contact with the public, can work in proximity to but not in coordination with co-workers, and can have occasional contact with supervisors. She can occasionally stoop, squat, crouch, crawl, kneel, and climb ramps and stairs, but cannot climb ropes, ladders, or scaffolds. She would be absent from work eight time per year, but would not have any absences in the first 90 days of work, and would be off-task at work 8% of a workday but could still meet the minimum production requirements of the job. (AR 21.) With that assessment, the ALJ found Plaintiff unable to perform any of her past relevant work. (AR 26-27.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as bench hand, table worker, and masker. (AR 27-28.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

2002).

Plaintiff argues the ALJ erred in (1) discounting her subjective symptom testimony and her mother's lay statement; (2) discounting the opinion of consultative examiner Morgan Liddell, M.D.; and (3) assessing her RFC. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Subjective symptom testimony

The ALJ discounted Plaintiff's testimony for a number of reasons: (1) objective medical evidence is inconsistent with her claims of disabling physical limitations and disabling pain, (2) the lack of support for her claim that she needs to elevate her leg, (3) minimal psychiatric symptoms documented in the record as well as minimal mental health treatment, and (4) her failure to comply with diabetes treatment. (AR 21-25.) Plaintiff alleges that some of these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff focuses almost entirely on the ALJ's third reason, pertaining to the lack of support for Plaintiff's allegations of disabling mental limitations. *See* Dkt. 8 at 4-11. Plaintiff provides no challenge some portions of the ALJ's reasoning, such as the findings regarding Plaintiff's physical limitations and leg problems, which, as noted by the Commissioner, support the ALJ's assessment of Plaintiff's allegations. Dkt. 9 at 2-3.

With regard to the ALJ's discounting of Plaintiff's allegations of mental limitations, Plaintiff argues that the ALJ erred in relying on observations contained in treatment notes for physical conditions, rather than focusing on her mental health treatment notes, when determining whether the record supported Plaintiff's allegations. Dkt. 8 at 5-7. This argument is primarily an invitation to re-weigh the evidence, which the Court declines to do. The ALJ cited numerous

treatment notes that mentioned normal psychiatric findings, which constitute substantial evidence to support the ALJ's interpretation of the evidence. (AR 23-24.) This situation is distinguishable from *Diedrich v. Berryhill*, cited by Plaintiff (Dkt. 8 at 6), because the treatment providers cited by the ALJ specifically addressed Plaintiff's psychiatric functioning, and the ALJ did not simply infer a lack of symptoms based on a provider's failure to mention them. 874 F.3d 634, 641-42 (9th Cir. 2017). Given that Plaintiff's mental health treatment notes are sparse, the ALJ did not err in citing the numerous treatment notes that mention normal psychiatric functioning upon Plaintiff's presentation for physical issues.

Plaintiff also argues that the ALJ erred in finding that her minimal mental health treatment undermined her testimony because counseling increased her anxiety, which explains why she stopped attending appointments. Dkt. 8 at 9-10. The ALJ acknowledged that Plaintiff claimed her lack of treatment was the result of her anxiety, but the ALJ also noted that Plaintiff did not describe such a rationale either to mental health providers or to her primary care provider during that time. (AR 24 (citing AR 1005, 1033).) Plaintiff further testified that both she and her primary care provider had tried to enroll her in counseling, but had not been able to get an appointment. (AR 45.) The medical record does mention Plaintiff being referred to counseling (AR 1017, 1021), but contains no evidence of follow up on those referrals. In light of this record that does not entirely corroborate Plaintiff's testimony, the ALJ did not err in failing to credit Plaintiff's explanation for her lack of treatment, or in finding that Plaintiff's minimal engagement with treatment was inconsistent with her allegation of disabling symptoms. (AR 24-25.)

The ALJ also discounted a form statement completed by Plaintiff's mother, Jennifer Cheney, for the same reasons he discounted Plaintiff's testimony. (AR 25.) The ALJ found that Ms. Cheney's statement essentially repeats Plaintiff's own description of her limitations, and thus

the same reasons to discount Plaintiff's testimony apply equally to Ms. Cheney's statement. (AR 25.) Plaintiff does not dispute that Ms. Cheney's statement is similar to her own, but argues that the similarity should have bolstered the value of Ms. Cheney's statement rather than undermined it. Dkt. 8 at 15. But, as explained *supra*, the ALJ provided multiple valid and some unchallenged reasons to discount Plaintiff's testimony, and thus the similarity between Ms. Cheney's statement and Plaintiff's allegations permits the Court to find that the ALJ's reasoning was sufficient with regard to Ms. Cheney's statement. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony")).

### Dr. Liddell

Dr. Liddell examined Plaintiff in February 2016 and wrote a narrative report describing her symptoms and limitations. (AR 719-24.) Dr. Liddell's medical source statement reads as follows:

> [Plaintiff] is able to manage [her] funds in her best interests.
>
> [She] would have no difficulty performing simple and repetitive tasks due to her psychiatric issues.
>
> [She] would not have any difficulty performing detailed and complex tasks.
>
> [She] would not have any difficulty accepting instructions from supervisors as evidenced by her interactions with me.
>
> [She] would not have any difficulty interacting with coworkers and the public as evidenced by her ability to interact well with her driver and my secretary.
>
> [She] could have difficulty performing work activities on a consistent basis, maintaining regular attendance, and completing a normal workday or workweek

> due to significantly disturbed affect regulation, anxiety and lack of coping skills.
>
> For the same reasons, she would have any [*sic*] difficulty dealing with usual stress encountered in the workplace.

(AR 723-24.) The ALJ noted that Dr. Liddell's opinion was based on a single examination, and gave little weight to his description of the difficulties that Plaintiff "could" or "would" have, finding it inconsistent with the record, which showed minimal documentation of psychiatric symptoms, unremarkable mental status examinations, and minimal mental health treatment. (AR 26.)

Plaintiff argues that the ALJ erred in relying on purported inconsistencies in the record without explaining how those inconsistencies contradicted Dr. Liddell's opinion. Dkt. 8 at 13-14. Plaintiff is mistaken. The ALJ reasonably found that Dr. Liddell's opinion regarding Plaintiff's unspecified degree of difficulty with various work functions was inconsistent with a record that failed to corroborate disabling mental limitations. To whatever extent Dr. Liddell's opinion could be read to indicate disabling mental limitations, it is reasonable to find such limitations inconsistent with the numerous unremarkable mental status examinations and minimal mental health treatment. The ALJ did not err in discounting Dr. Liddell's opinion on this basis. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

## RFC

RFC is the most a claimant can do despite limitations and is assessed based on all relevant evidence in the record. 20 C.F.R. § 416.945(a)(1). An RFC must include all of the claimant's functional limitations supported by the record. *See Valentine*, 574 F.3d at 690.

Plaintiff argues that the ALJ erred in finding that she would be absent from work eight

times per year (but not during the first 90 days of work), and that she would be off-task 8% of the time but still be able to meet minimum production requirements on the job. Dkt. 8 at 15. According to Plaintiff, these findings have no factual support in the record and appear to be results-oriented, because the ALJ asked the VE to identify a threshold amount of absenteeism/off-task behavior that would allow a hypothetical claimant to perform the step-five jobs with no erosion of job numbers. Dkt. 8 at 16-17 (citing AR 64-70).

The ALJ's VE questioning may indeed appear "results-oriented," but Plaintiff has not pointed to any evidence showing that she is more limited than the ALJ found in the RFC assessment. Dr. Liddell opined that Plaintiff "could have difficulty" performing work activities on a consistent basis and maintaining regular attendance (AR 724), and the ALJ's RFC assessment is consistent with that opinion. Thus, the Court rejects Plaintiff's argument that the ALJ's RFC assessment lacks support in the record, and finds that Plaintiff has not met her burden to show harmful error in the RFC assessment.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 16th day of December, 2019.

Mary Alice Theiler
United States Magistrate Judge